RAMON FARIAS *v.* M. DE LIZARDI and others.

Receipts signed by a third person in his own name, and not shown to be connected in any way with the defendants, are inadmissible in evidence against them.

APPEAL from the District Court of the First District, *Buchanan,* J. This was an action to recover back an amount alleged to have been paid to defendants, beyond what was justly due. The defendants answered by a general denial, and claimed in reconvention, a balance alleged by them to be still due. The case was tried by a jury.

*Greiner,* for the appellant.

*Hoa,* for the defendants.

MARTIN, J. The plaintiff is appellant, from a judgment against his claim, and on that in reconvention of the defendant, after an unsuccessful attempt to obtain a new trial, which was asked on the grounds of the verdict being contrary to law and evidence, and of the court having erred in sustaining the objection of the defendants to the introduction of three receipts offered in evidence. The receipts were rejected on the ground, that nothing connected them with the defendants. They were signed by a man of the name of Palacio, apparently in his own right, and nothing showed that in doing so, he acted as the agent of the defendants. Evidence was however given, that he acted often as the agent of the defendants, and the plaintiffs produced several receipts of his, which he had subscribed as agent of the defendants. The plaintiff is a vendor of segars, and usually purchased them from the defendants. Palacio was a dealer in the same article on his own account, and the plaintiff occasionally purchased from him. On a settlement between the parties to the present suit, the defendants refused to allow credit for the sums for which Palacio had receipted in his own name ; but promising to make inquiry about them, and allow credit therefor, if it turned out that they had been received on their account. The inquiry proving unsatisfactory, they refused to allow the credit, and the present suit was brought.

It does not appear to us that the court erred. The plaintiff

took another bill of exceptions,·to the refusal of the judge to allow him to ask a question of a witness ; but the counsel has informed us, that it would be useless to remand the case, as this would not enable him to avail himself of the question, as the witness has 'since died. This renders the examination of the correctness of the Judge's opinion useless.

On the merits, the case is certainly with the defendants.

*Judgment affirmed.*