LeBlanc et al. vs. Robertson et al.

## No. 10,470.

### ALPHONSE LEBLANC ET AL. VS. WILLIAM ROBERTSON ET AL.

1. An action brought by parties claiming to own undivided interests in an immovable, against parties possessing and claiming to own in indivision the whole immovable, and asking judgment decreeing their ownership and for partition, combines the double character of a petitory action and an action for partition.

2. To the petitory action defendants are entitled to plead the prescription of ten years, although an action for partition is only barred by thirty years.

3. Presenting titles adverse to, and exclusive of, the title set up by plaintiffs, the defendants are not governed by Articles 1304 and 1305 R. C. C., regulating prescription and the possession required as between co-heirs and co-owners.

4. Joint possessors in indivision under titles covering the whole property, are entitled to plead the prescription of ten years and to support it by proof of joint or common possession, and are not required to show separate possession by each co-owner of a defined part of the property.

5. Finding the case of defendants to present all the elements required to maintain the prescription of ten years, that plea is sustained.

APPEAL from the Twenty-first District Court, Parish of Iberia. Mouton, J.

### L. O. Hacker for Plaintiffs and Appellees :

1. Co-heirs as well as co-owners have a right to enjoy and possess the hereditary property left to them by their ancestors. And when one of said co-heirs seeks to acquire any portion thereof by prescription, without title, he must prove conclusively that he has possessed the exact separate portion, which he seeks to acquire, during 30 years--separately and as owner. R. C. C., 1304, 1305.

2. One claiming by possession alone, without title, must show possession by enclosures, beyond which his claim will not extend. 9 M 43, 174, 1 R. 159, 19 La. 251.

3. Where the locus in quo is so uncertain that it is impossible to determine over which particular portion of the land his possession extended, he cannot acquire by prescription against his co-owner. C. C., 1305.

4. Possession by digging a canal or occasionally felling trees or grazing cattle on uninclosed land, cannot serve as the basis, for the prescription of ten, twenty or thirty years. 9 M. 43, 1 R. 159; 19 La. 251.

5. In order to acquire against his co-owner under Article 1305, R. C. C., the possession must be under the conditions and in the manner set forth under Articles 3500 and 3501 and affecting the acquisition of property, which severs that separate portion from the community which operates as a transfer of that particular tract; but not as a bar to plaintiff's action. 6 M. 410.

6. A sale of so many acres of land to be taken from a tract of land of greater dimensions, owned in indivision by vendor and others, wherein the boundaries of the larger tract alone are recited, does not convey any defined portion of said larger tract of land, and therefore it cannot support the ten years prescription. 2 R., 220; 10 La., 276; 11 R., 436.

7. The action of partition cannot be prescribed against, as long as the thing remains in common and this community is either acknowledged or proved. The only reason why, under Article 1305, R. C. C., the co-heir, who has separately possessed, can successfully oppose the suit of his co-heirs for a partition, is that having acquired that separate portion under Article 3500, etc., of the R. C. C., it becomes severed from the community.

LeBlanc et al. vs. Robertson et al.

8. A sale of an undivided interest in a tract of land held in common between the vendor and others will not support the plea of ten years prescription. 12 Ann. 5; C. C. 3479; 2 R. 220.

9. A vendor having no possession, actual or civil, can transfer none to his vendee, who must prove a corporeal possession in himself to begin with. 11 Ann. 87---Ann. 393.

10. Although by the Civil Code of Louisiana this tradition of an immovable is always considered as accompanying the act, this presumption does not relieve the vendee from the necessity of proving corporeal possession as the basis of prescription. 15 Ann. 323.

11. Possession by a tutor of property belonging to him and to his wards, is possession for such minors. C. C. 337.

12. A sale not recorded in the parish where the land lies, cannot support prescription. 11 La. 346; 11 R. 56; 2 Ann. 869; see do. Ann. 2, 5, 6, 7, 15 and 15 1-2.

---

*Breaux & Renoudet*, and *J. B. Ker* for Defendants and Appellants:

1. Where a party to a suit introduces in evidence a written document, without qualification of object, he is bound by all that is recited therein. 39 Ann. 1089; 33 Ann. 801; 6 Ann. 109.

2. The tutor is the legal representative of the minor in all matters of a judicial nature, and any admissions made, or acts done by him during the course of such proceedings are binding upon the minor from necessity of the case; and a judgment rendered against the latter on account of such admissions will be binding upon him. C. P. 615.

3. Where the administrator of an estate, in which the minor interested as heir, files his tableau of distribution, notifying all interested parties to show cause, within the legal delays why it should not be homologated, and the tutor of the minor signs the tableau, he does an act which the law authorizes him to do, and after the homologation of the tableau the judgment of homologation will be binding upon the minor. C. P. 615.

4. Where the tutor of the minor in such a case signs the tableau, he admits the correctness of all the previous steps taken by the administrator in inventorying the property, distributing the funds, etc.

5. If the tutor of a minor does an unauthorized act, susceptible of ratification by the latter after attaining the age of majority, and the minor allows four years to elapse after majority without repudiating such act his ratification may be presumed. 3 Ann. 328; 3 M. 457; 8 M. 632; 10 M. 735; 11 M. 717; 6 La. 606; C. P. 615.

6. It is true that even where one claims under the prescription of ten years he must show actual possession in the beginning; but where he purchased by public act, recorded in the parish in which the property is situated, his possession is presumed to follow his title. It is only where a person purchases by private act, not recorded in the parish in which the property is situated that he must prove affirmatively his actual possession. 2 Ann. 787, 868; 6 Ann. 772; 14 Ann. 417; 37 Ann. 417.

7. There is quite a difference between a sale that purports to transfer only the right, title and interest of the vendor such as it may be, and one which purports to transfer unconditionally a certain portion of an undivided tract, such as a third or a fourth.

8. The principle laid down in 3 R. 220; 10 R. 80; 11 R. 436, and 4 Ann. 249, that where the vendee purchases only the right, title and interest of the vendor, without general warranty, he cannot acquire by ten years prescription, only applies to the good faith of the vendee and not to the title itself. If the interest of the vendor was set forth and warranted generally, the vendee would have a just right to believe that he was acquiring the property from the true owner.

9. It is good faith alone which purifies the title of its defects and causes the possessor under a just title to be preferred to the true owner, who has remained so long neglectful of his rights. The good faith required by law consists only in the belief that the person, whose

LeBlanc et al. vs. Robertson et al.

rights we acquire, was the real owner of the property sold. 4 R. 205; 38 Ann. 885; 37 Ann. 417.

10. A universal legatee cannot prescribe where the testator was in bad faith because he succeeds to the obligations as well as the rights of the latter; but it is different with particular legatees or purchasers who are not charged with the obligations of their authors. They acquire a new possession, independent of that of their authors and can be possessors in good faith, though their authors may have been in bad faith. Guffon vs. Blance, 12 Ann.; 5 Troplong on Pres. No. 436.

11. A person cannot possess an uncertain part of a thing, but he can possess an undivided portion of a certain thing. Troplong on Pres. Nos. 250, 244 and 721.

12. Co-owners of undivided property are presumed, in the absence of contrary proof, to possess for each other as well as for themselves; from which it follows that their possession extends over the whole tract, to a part of which they have title. Troplong on Pres. Nos. 375, 360, 493 and 528; 40 Ann. 109.

13. Their possession in this respect, is similar to that of partners to the partnership effects, during the continuance of the partnership. Each possesses for himself and as mandatary of his co-owners or copossessors under title.

14. From these principles it follows, that after a partition between partners or joint owners, under titles, the partition, in so far as their possession is concerned, has a retroactive effect, and each is presumed to have always had possession of the particular portion allotted to him from the time he entered into the community or partnership; and never to have possessed the other portions except as mandatary of his co-owners or co-partners. During the continuance of the community if he has held under a just title, he has not been in doubt as to his right of ownership, but only as to the location of the particular portion to which he had title. Marcadé on Pres. pp. 196 and 197; Troplong on Pres. Nos. 363 and 886.

15. It is by the state of things anterior to the community that the effects of each co-owner's possession is regulated. If he was in good faith at the time of entering into the community, he can claim the prescription of ten years; in the contrary case he can only invoke the thirty years prescription. Marcadé on Pres. p. 196.

16. Co-possessors who hold under titles adverse to one who claims to have title to an undivided portion of the land, cannot be presumed to possess as co-owners with him. It is only where the titles of the co-owners are consistent with each other that they can be presumed to possess for each other. Troplong on Pres. Nos. 244 and 245.

17. Where two possessions conflict the one which is merely intentional yields to the one which is manifested by public acts of enjoyment. Troplong on Pres. No. 245; 4 Wheaton 213; 5 Peters 319.

18. Where a person acquires title to one-fourth of an undivided thing, he acquires title to one-fourth in every part of the thing; and as possession is presumed to follow the title he is presumed to possess one-fourth in every part of the thing.

19. Where the whole of an undivided thing has been adversely held by several persons for more than ten years, against the true owners, the latter not having had possession of any portion of the tract during that time, have no interest in knowing which particular portion each one has possessed. That is a matter that concerns the co-possessors alone, since taking them altogether, they have had possession of the whole.

20. A person who holds under an adverse, though defective title, without fraud, cannot be presumed to have possessed as trustee of the real owners. Gaines vs. Lizardi, 1 Wood 56.

The opinion of the Court was delivered by

FENNER, J. This suit presents the double character of a petitory action and an action for partition. Plaintiffs claim to be the owners, by virtue of inheritance from Norbert LeBlanc, of an undivided interest in a certain tract of land; they aver that the whole tract is in possession of the defendants, under claim of ownership; they ask for a decree recognizing them as owners in indivision in the proportions claimed by them, and also decreeing a partition of the land between themselves and the defendants who are admitted to be part owners.

The defense is levelled exclusively against the petitory feature of the action. Defendants claim exclusive ownership of the land; they deny the ownership of plaintiffs and also plead the prescriptions of four, ten and twenty years.

The land in controversy was originally a tract of 28 arpents front on Lake Peigneur by 40 arpents in depth.

Plaintiffs present as their muniment of title a deed of sale of said tract from Mrs. Dubuclet to their father, Norbert LeBlanc, Sr., passed in 1841.

The father died in 1849, and no written transfer by him is produced.

Nevertheless, the defendants prove that, prior to his death, the land possessed and held by Norbert LeBlanc, Sr., and certain others under claim of undivided ownership in the following proportions: Norbert LeBlanc, Sr., 6 arpents front by 40; Simonette LeBlanc, 6 by 40; James Dillon, 6 by 40; Dranzin LeBlanc, 6 by 40; Norbert LeBlanc, Jr., 2 by 40; and Godefroy Provost, 2 by 40.

It further appears that at the death of Norbert LeBlanc, Sr., his succession was opened, and an inventory was taken of his estate, upon which his interest in this land is set down as 6 arpents front by 40 in depth in a tract of 28 by 40 which is "undivided and possessed by divers persons."

At the taking of this inventory, plaintiffs, then minors, were duly represented by their tutor, and the other heirs of Norbert, Sr., also assisted therein.

Simonette LeBlanc was the tutor of plaintiffs and also administrator of their father's succession.

The property was sold on terms fixed on the advice of a family meeting called in the interest of the minors. The undivided six arpents front was duly sold, and the proceeds of that and other property were divided among the heirs, the share of plaintiffs being received by their tutor, and the administrator received his final discharge.

LeBlanc et al. vs. Robertson et al.

Not long after, Norbert LeBlanc, Jr., died, and in his succession, his interest in this land was inventoried as two arpents by forty, and accordingly sold and proceeds distributed.

At the majority of plaintiffs, their tutor made a full and final settlement with them and was duly discharged more than twenty years ago.

The land has always been held and dealt with by the parties above indicated as owners in division.

Their respective interests have been, at various times, sold and conveyed to third persons, who have held, possessed and administered the land.

In 1879, the then co-owners made a partition of the land, to which one of the plaintiffs, who had become the purchaser of a certain interest, was a party.

During all this time, no claim for or on behalf of plaintiffs was ever urged or heard of, until 1887, when discovering the deed to their father of 1841, and the absence from the records of any conveyance by him during his life, they instituted the present suit.

If there was ever a case in which innocent third persons, holding under ancient titles, should be quieted by prescription, surely this is one.

There is not a suggestion of any intentional fraud by any one, made in either the pleadings or the evidence in the case. On the contrary, such of the plaintiffs as testify on the point expressly exonerate Simonette LeBlanc, their tutor and administrator of their father's succession, from any intentional wrong.

The case is so clearly with the defendants under the ten years prescription that it is unnecessary to discuss any other point.

The good faith of defendants cannot admit of question. They hold under a title legal and valid in point of form, and sufficient to transfer the property if made by the true owner, which is all that is required, and which is certain and fully proved. R. C. C. 3479, 3486.

They have shown a possession, during more than ten years, in fact and in right as owners, continuous, uninterrupted, peaceable, public and unequivocal. R. C. C. 3479, 3487.

They do not hold by any title of inheritance from Norbert LeBlanc, Sr., but by titles exclusive of and adverse to him and to his succession. They do not hold as co-owners with plaintiffs, but by titles exclusive of and adverse to any ownership by the latter. Therefore articles

1304 and 1305 of the Civil Code relied on by plaintiff have no application.

As amongst co-heirs or co-owners it is true that an action of partition is only barred by thirty years, and can only be supported by a separate possession of a particular part of the common property, under the above articles. But prescription is not here pleaded against the action of partition, it is pleaded against the petitory action. It is not set up against the right of a co-owner to provoke a partition ; but against the claim itself of co-ownership, which plaintiffs are bound to establish before their right to partition can arise. The proposition that joint possessors in indivision under titles covering the whole property cannot plead prescription against a claim of adverse title by third persons, without showing separate possession, by each, of particular and defined portions of the property, finds no support in reason or authority. It would mean that joint possessors in indivision could never prescribe, and that prescription could not begin until after partition. There is nothing in the law which prevents joint titles being acquired by prescription or joint possession being the basis thereof. On the contrary, the law is clear that joint owners can possess in common the thing belonging to them in indivision and that they may prescribe against the true owner by such a possession for the required length of time. Troplong, Pres. Nos. 244 and 250.

The judge a quo fell into error in applying to this case the rules regulating the prescription between co-heirs and co-owners laid down in R. C. C., 1304, 1305.

The contention of plaintiffs that the titles of defendants are too equivocal to be the basis of good faith is untenable. They quote certain decisions (3 Rob. 220 ; 10 La. 276 ; 11 Rob. 436, etc.) which hold that a title whereby the vendor only sells his right, title and interest in the thing, such as they are, and without warranty, indicates a defective title and bars the good faith necessary to this prescription. These decisions have no application to the titles of defendants, which convey the right, title and interest of the vendor in the whole undivided tract, but fully describe the extent of those interests as being so many arpents thereof, and which, besides, presents full covenants of warranty.

For these reasons, we feel bound to reverse the judgment appealed from.

It is, therefore, ordered and decreed that the judgment appealed from be avoided and reversed ; and that there be judgment in favor of defendants and rejecting the demands of plaintiffs at their cost in both courts.