(112 So. 721)

No. 26433.

**JOHNSON v. SUGAR.**

April 25, 1927.

*(Syllabus by Editorial Staff.)*

1. **Bastards** ☞101—**Widow inherited property of decedent without lawful surviving heirs, though he left acknowledged child (Civ. Code, art. 924).**

In absence of lawful ascendants, descendants, or collateral relatives surviving decedent, his widow inherited property, under Civ. Code, art. 924, even if he left a natural child duly acknowledged.

2. **Adverse possession** ☞84—**Prescription; recital in deed that grantor was surviving widow of named person held not sufficient to impute to grantee knowledge of her want of ownership.**

Recital in deed that grantor was surviving widow of named person *held* not inconsistent with stated ownership of land in her, nor sufficient to impute to grantee knowledge of her want of ownership.

3. **Adverse possession** ☞84—**Prescription; "just title" is that received from one honestly believed to be real owner, if such as to transfer ownership (Civ. Code, art. 3484).**

Under Civ. Code, art. 3484, "just title," in case of prescription, is not that derived from true owner, but title received from any person whom possessor honestly believed to be real owner, if such as to transfer ownership.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Just Title.]

4. **Adverse possession** ☞13—**Prescription; open and continuous possession for ten years under deed conveying title legal in form gives title by "prescription," in absence of proof of knowledge of grantor's want of title.**

One in actual, open, continuous, and uninterrupted possession of land for over 20 years under deed conveying title legal in form and sufficient to transfer property *held* entitled thereto by 10 years' prescription, in absence of proof of knowledge of want of title in vendor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Prescription (In Law).]

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Action by Elizabeth Broadus Johnson against Allan Sugar. From a judgment of dismissal as in case of nonsuit, defendant appeals. Judgment amended by rejecting plaintiff's demand.

Adolph Wolff, of Monroe, for appellant.

Theus, Grisham & Davis, of Monroe, for appellee.

THOMPSON, J. The plaintiff claims to be the owner and asks to be sent into possession

of certain property fully described in the petition and which is situated in Filhiol's addition to the city of Monroe.

She claims to have inherited one-third interest in the lot first described, directly from her grandfather, Carrol Bradley, and the other two-thirds of said lot from a brother and sister who died without issue and leaving no ascendants.

The claim of an undivided half interest in the second lot is also by inheritance from her grandfather and brother and sister.

The defendant denied the alleged heirship of the plaintiff, asserted ownership of the property by inheritance from his deceased father and mother, who acquired said property by purchase from Lucy Ann Bradley on June 21, 1897.

It is further alleged that defendant and his said father have been in the actual continuous and undisturbed possession of said property for more than 20 years; that they have been assessed with and paid the taxes on said property since the date of acquisition and have caused improvements to be placed on said property to the value of $5,000. The prescription of ten years acquirendi causa is pleaded.

The trial judge held that the plaintiff had failed to prove the quality of heir in which she claimed the property, and dismissed her demand as in case of nonsuit. The defendant appeals from that judgment and asks that plaintiff's demand be rejected without reservation.

The learned counsel for plaintiff concedes the correctness of the finding of the lower court that under the evidence the heirship of plaintiff had not been established.

It appears that Carrol Bradley and Lucy Ann Bradley were married on August 30, 1873.

The plaintiff testified that she was 45 or 46 years old at the time of the trial in the lower court, which would put her birth about the year 1877 or 1878, or, say, some 4 or 5 years after the marriage of her alleged grandparents.

If Carrol Bradley and Lucy Ann Bradley were married in 1873 as stated, and if the plaintiff herein was born in 1877 or 1878 as she says, then it was impossible for the plaintiff's mother to have been born of the marriage of plaintiff's asserted grandparents.

There would seem therefore no possible escape from the correctness of the judge's ruling on that issue.

We find ourselves unable, however, to agree with the trial judge in leaving the defendant's title to the property open and unsettled by merely nonsuiting the plaintiff's demand on his own motion.

The plaintiff's suit was based on the fact that she was the sole and legal granddaughter of Bradley, the former owner of the land, and yet when it developed from her own testimony that it was impossible for her mother to have been born during the marriage of her alleged grandparents, no attempt was made to prove that the plaintiff's mother had been legitimated by her parents in the manner prescribed by law. And it is not even suggested by counsel in their brief that there is a probability or even a possibility that any such legitimation had ever been made.

But however that may be, it is undisputed that the plaintiff was more than 30 years old when this suit was filed, and it is likewise undisputed that the defendant and his father have been in the actual, open, and undisturbed possession of the property for more than 20 years, during which time they have paid the taxes on the property and erected valuable improvements thereon.

The lot first described in the petition was acquired by Carrol Bradley on January 5, 1880, prior to his marriage with Lucy Ann Bradley, and was therefore the separate

property of the husband. The secondly described was acquired after the marriage and fell into the community.

[1] Carrol Bradley died some time prior to 1890 leaving as his surviving widow the said Lucy Ann Bradley. There is no proof in the record tending to show that Carrol Bradley was survived by any lawful ascendants or descendants or that he left any collateral relatives.

As a matter of fact, the plaintiff alleges that the said Carrol Bradley left no lawful heirs and that she was the sole heir. Under these circumstances Lucy Ann Bradley became the owner of the property even though Bradley may have left a natural child or children duly acknowledged. C. C. art. 924.

[2] On June 21, 1897, Lucy Ann Bradley sold the property to Barney J. Sugar, the father of defendant, who, as already stated, took actual possession of the property, continued in such possession, improving the property and paying the taxes thereon.

The title on its face is legal in form and is translative of property. The vendor declared in the deed that she was the true and lawful owner of the property, and there was no suggestion or intimation in the deed that such statement was not true.

It is true the deed recited the fact that Lucy Ann Bradley was the surviving widow of Carrol Bradley, deceased, but that statement was not inconsistent with the stated ownership of the land in Lucy Ann Bradley.

Nor was such statement sufficient in law to impute to Sugar knowledge of want of ownership in the seller and to put him in legal bad faith.

[3] On the contrary, if Carrol Bradley left no lawful ascendants or descendants and no collateral relations as plaintiff alleges, then Lucy Ann Bradley, his surviving widow, inherited the property, and her declaration of ownership in the deed she made to defendant's father was true.

"By the term just title, in case of prescription, we do not understand that which the possessor may have derived from the true owner, for then no true prescription would be necessary, but a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title were such as to transfer the ownership of the property." C. C. art. 3484.

[4] The case as disclosed by the record presents every element required to sustain the prescription of ten years: (1) The title is legal and sufficient to transfer the property; (2) actual, open, continuous, and uninterrupted possession for more than 20 years; and (3) the legal presumption of good faith on the part of the purchaser in the absence of any proof whatever going to show knowledge on the part of Sugar of the want of title in his vendor.

In these circumstances we are of the opinion that the defendant is entitled to have plaintiff's demand rejected.

It is therefore ordered that the judgment appealed from be amended by rejecting plaintiff's demand at her costs in both courts.