No. 605

First Circuit

VARNADO v. MEYER & NEUGASS CO.

(March 5, 1930. Opinion and Decree.)

Ott & Johnson, of Franklinton, attorneys for plaintiff, appellant.

Ellis, Ellis & Ellis, of Amite, attorneys for defendant, appellee.

MOUTON, J. Plaintiff, alleging that he is the owner in indivision, with Meyer and Neugass of a tract of land described in his petition, prays that the property be sold to effect a partition by licitation.

An exception of no cause of action was filed by defendant and was referred to the merits. There is no merit in the exception which is hereby overruled.

Defendant also pleaded the prescription of ten years, claiming to be the owner of the land claimed by plaintiff, under a title translative of property.

The plea was maintained on the face of the papers, and the demand of the plaintiff was rejected.

Counsel for defendant invokes article 3479, Civ. Code, in support of the judgment maintaining the prescription urged. That article of the Code prescribes, under 4 headings, the essentials required to establish that species of prescription.

The 3rd rule mentioned—among the other requisites pointed out in the article—reads, as follows:

"Possession during the time required by law, which possession must be accompanied by the incidents hereinafter required."

The requisites referred to in article 3479 are set out in article 3487 in which it is stated, among other requirements, that the possessor must hold the thing in fact, and in right as owner, etc.; and that his possession shall have been continuous, peaceable, public, and unequivocal, etc.

Counsel for defendant says that the action of plaintiff being petitory, the possession of defendant is necessarily admitted. In a petitory action, plaintiff, it is true, admits that the defendant is in the actual possession of the immovable claimed, as is provided in article 2, C. P., which governs in such cases. This implied admission, however, does not include the recognition of the continuous, public, and unequivocal possession of defendant, in right, as owner, during the prescriptible period which must characterize the possession to constitute one of the essential requisites, under C. C., art. 3487.

There is nothing in the petition of the plaintiff, in the record or on the face of the papers to support the plea of prescription which defendant has tendered as a defense in support of his claim of title to the property claimed by plaintiff.

There are also other questions that are contested between the litigants in this case but upon which we will not express any opinion one way or the other at this time. Those issues, and such as may arise hereafter, will remain open for future action should the case return to this court for adjudication.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, annulled, and reversed; that this case be remanded for trial on the merits in accordance with law; that appellee pay the cost of this appeal, those below to abide the final decision of the case