No. 752

First Circuit

VARNADO v. MEYER & NEUGASS CO.

(March 3, 1931.   Opinion and Decree.)
(May 5, 1931.   Rehearing Refused.)

Ott & Johnson, of Franklinton, attorneys for plaintiff, appellant.

Ellis, Ellis & Ellis, of Amite, attorneys for defendant, appellee.

MOUTON, J. This case was before us in March, 1930, 12 La. App. 543, 126 So. 544, on appeal from a judgment in favor of defendant company maintaining an exception on a plea of 10-year prescription. The judgment was reversed for lack of evidence to support the prescription urged. As there were other contested questions between the litigants, and as other issues might be presented by them, we said, such, issues would remain open for future action should the case return to this court for decision.

The case was tried a second time, and resulted in a judgment for defendant company, decreeing its ownership to the property claimed, and rejecting the demand of the plaintiff, from which he prosecutes this appeal.

The contest is in reference to a 133.90-acre tract of land situated in the parish of Tangipahoa. The sale of the land was originally made by John Dickerson in 1902, which bears his signature, as vendor, and was signed Jasper E. Varnado & Bro., as vendee. This signature of Jasper E. Varnado & Bro. was affixed to the act of sale by Jasper E. Varnado, then a member, with his brother, Dewitt D. Varnado, plaintiff herein, in a commercial partnership.

The contention of the plaintiff is that, as the sale was signed, Jasper E. Varnado & Bro., it was bought in the name of the commercial partnership, which cannot own immovable property, and that they therefore became joint owners in the land purchased from John Dickerson. Poydras v. Laurans, 6 La. Ann. 771; Bernard v. Dufour, 17 La. 596, and other authorities are cited by counsel for defendant, in support of that legal principle.

The act of sale says that John Dickerson conveys, sells, sets over, etc., "unto the said Jasper E. Varnado and Bro., being present accepting and purchasing for themselves, their heirs and assigns the follow-

ing property," etc. If the sale had been to the firm of Jasper E. Varnado & Bro., the words used for "themselves," heirs and assigns, would, it seems to us, have been rather out of place. They do not indicate that the sale was to a firm or commercial partnership.

In 1907, five years thereafter, a sale was made of the same land to John Dickerson, and is signed as follows: J. E. Varnado & Bro., by J. E. Varnado. This sale was on credit for $972.74, represented by three notes made payable to the Magnolia Bank or order.

Under an order of seizure obtained by Meyer and Neugass, defendant herein, against John Dickerson, the land in dispute was seized and sold, and was bought at public sale by Meyer and Neugass.

This suit is brought against Meyer and Neugass by Dewitt D. Varnado for one undivided half interest in the land. His claim is based on the contention that, by the purchase of the property in the name of the Varnado firm, he became joint owner with his brother, Jasper E. Varnado, and that he never was divested of his ownership therein, and is now owner in indivision with the Meyer & Neugass Company, defendant.

Defendant claims ownership by virtue of the sales, and also pleads the prescription of ten years as a muniment of title.

It is contended by plaintiff that the sale to John Dickerson in 1907 was made for the commercial firm of Jasper E. Varnado & Bro.; that it was effected by Jasper E. Varnado, without plaintiff's consent, authority, or knowledge, and in consequence there was no divestiture of his joint ownership therein.

As we have heretofore observed, the original sale by John Dickerson in 1902 declared that it was made to Jasper E. Varnado & Bro., present, accepting, and purchasing for "themselves" heirs, assigns, etc. This language thus used does not, in the slightest degree, intimate a sale to the firm of Jasper E. Varnado & Bro. On the contrary, it would seem therefrom that the acquisition was for Jasper E. and Dewitt D. Varnado. It will also be noted that in the subsequent sale, in 1907, to John Dickerson, though the transfer is declared to be by Jasper E. Varnado & Bro., nothing appears therein to give the remotest suggestion that Jasper E. Varnado & Bro. was a commercial firm.

There are several different partnerships recognized by the Civil Code (Rev. Civ. Code, arts. 2825, 2826), among which are commercial and ordinary partnerships. In view of our system, which recognizes these different classes of partnerships, it is not logical to hold that the two sales, to which we have referred, were in reference to a commercial partnership, exclusively, and were so understood by the parties to these transactions.

It is shown, besides, that in 1904, two years after the purchase from Dickerson, Dewitt D. Varnado, plaintiff, and his brother, Jasper E. Varnado, gave a mortgage for $2,200 on the land in question to the Magnolia Bank, represented by a note for that amount. This note was given to the bank to secure an indebtedness due it by the firm of Varnado & Bro. John Dickerson made a payment of $50, and another of $15 on that note.

In a suit subsequently brought by the bank against Dewitt and Jasper E. Varnado on the $2,200 note, credit was given for

the payment of $65 made by Dickerson. The sale to Dickerson was made March 8, 1907, and the two payments on the note of $2,200 were made by Dickerson in November and December, 1907. He was then in debt for the purchase price of the property which had been bought on terms of credit, and, as far as the record shows, owed no other debt to the Varnados. It is not therefore illogical to infer that these payments on the note by Dickerson were in part satisfaction of the price he owed on the land.

The court in Thomas v. Scott, 3 Rob. 256, said:

"Where real property is purchased by a commercial firm, the members of the firm become joint owners thereof. * * * C. C. 2796. But where the latter, by receiving a portion of the price, subsequently ratify a sale by the former, they will be estopped from asserting any title to the prejudice of a bona fide purchaser." See also Farias v. De Lizardi, 4 Rob. 407; Raymond v. Palmer, 41 La. Ann. 425, 6 So. 692, 17 Am. St. Rep. 398.

The court distinctly held in 3 Rob., supra, that the act of receiving the whole or a part of the proceeds of the property, though sold without authority, constitutes a ratification of the sale.

It may be said that there is no direct proof to show that these payments were made by Dickerson on the purchase price of the land but, when we consider that plaintiff remained silent for a period of 25 years before asserting his claim to an undivided one-half of the property, we cannot say that the district judge erred in concluding that plaintiff had acquiesced in the sale made by Jasper E. Varnado, even if executed without his authority or knowledge, and that there had been a ratification of the sale.

Let us say, however, that the sale to Dickerson was made without the authority of plaintiff, and that there has been no ratification of the sale by him; we find that defendant has acquired the property under his plea of prescription, for the reasons which follow:

Plaintiff, in his petition and prayer, is asking for a recognition of his title to one undivided half interest in the property, and for a partition thereof by licitation. The demand therefore combines the double character of a petitory action and an action for partition. In an action of this character, defendant is entitled to plead the prescription of ten years (C. C. art. 3478), although an action for partition is only barred by thirty years (C. C. art. 1305). LeBlanc v. Robertson, 41 La. Ann. 1023, 6 So. 720.

The defendant is urging the prescription of ten years, and upon that issue the case must be determined.

Plaintiff, assuming that the sale of the whole tract was made by Jasper E. Varnado, without his sanction or authority, contends that there was therefore no transfer of his ownership. Under the plea of ten-year prescription, the transfer of ownership from the real owner is not an issue, because, if the title were derived from him, "then no true prescription would be necessary." C. C. arts. 3484, 3485; Johnson v. Sugar, 163 La. 785, 112 So. 721. Hence the question, under that plea, is as to whether the title was received from any person whom the purchaser honestly believed was the real owner, and whether that title, by its nature, was sufficient to transfer the ownership. C. C. art. 3485; Johnson v. Sugar, 163 La. 785, 112 So. 721.

The sale by Jasper E. Varnado to Dickerson in 1907 was for the transfer of the

133.90 acres of land, and was by authentic act. It was obviously "a title which by its nature" was sufficient to transfer the ownership, and therefore a just title. C. C. art. 3485; Johnson v. Sugar, 163 La. 785, 112 So. 721.

There was no defect stamped on the face of the deed, and it was therefore valid in form. Pattison v. Maloney, 38 La. Ann. 885. The defect in the title must appear on its face, is what the law means, and not one "that may prove defective by circumstances, or evidence dehors the instrument." Hall & Turner v. Mooring, 27 La. Ann. 596.

In this case the title is perfect as respects form. The attack on the title is based on the contention that Jasper E. Varnado had no authority or right whatsoever to transfer the undivided one-half claimed by plaintiff. Obviously, such an attack was directed to a fact or circumstance dehors the deed. In one of our earliest cases, Dufour v. Camfranc, 11 Mart. (O. S.) 714, in passing on a similar question, the court said:

"Pothier tells us that a just title is that which is of a nature to transfer the property; so that when it is not transferred, it is a defect of right in the person who makes it, and not a defect in the title, in consequence of which the tradition is made."

In such a case, says the court, the error is one of fact, not of law. Later, in Reeves v. Towles, 10 La. 284, body of decision, the court has this to say: That, when one takes upon himself as attorney in fact to sell a property, his deed of sale may form the basis of prescription, because the defect consists in the want of evidence of the mandate, and is not a nullity of form resulting from the legal incapacity of the vendor, etc.

Here the defect, if any existed, was for lack of evidence of a mandate, and was not a nullity of form. It was an error of fact which the law would not consider of such a nature as to preclude the party from pleading prescription. Dufour v. Camfranc, 11 Mart. (O. S.) 714.

In a recent case, Bowers v. Langston et al., 156 La. 188, 100 So. 301, the court approved the ruling in the case above cited, and others enunciating the same doctrine.

The verbiage used in the original sale of Dickerson to Jasper E. Varnado, "themselves" or assigns, and his repurchase of the property from them, convinces us that he honestly believed he was buying the whole property from the true owners. In this regard, it is proper to say that there is nothing whatsoever dehors the deed to show that Dickerson knew or had any reason to believe, that he was not buying from the true owner. He was, we have no doubt, in perfect good faith which is always presumed in such cases, as the rule is that the burden of proof is on the party alleging bad faith. C. C. art. 3481; Land Development Co. of Louisiana v. Schulz, 169 La. 2, 124 So. 125. The fact is however that here plaintiff does not charge bad faith, and none is proved.

It is shown that defendant company bought the property at sheriff's sale and that there is no irregularity in the deed. It appears that its title is derived from Dickerson, original owner of the land.

The proof shows that Dickerson cultivated the property, up to the time it was acquired by defendant company in 1923 at public sale, since when it has been in possession of defendant. This possession of Dickerson and defendant company from

1902 to 1923, the evidence shows, has been continuous, uninterrupted, peaceable, and public, as owners (C. C. art. 3487). The prescription urged is shown, and defendant is entitled to the ownership of the property. The demand of plaintiff was properly rejected.

----

## ON APPLICATION FOR A REHEARING

MOUTON, J. In our original opinion we referred to the wording of the sale from Dickerson as having been intended to convey the land to Dewitt Varnado and his brother, Jasper Varnado, and not to the commercial firm of Jasper E. Varnado and brother. We then referred to the sale of the land to Dickerson, and signed J. E. Varnado and Bro., by J. E. Varnado. From the language used in the sale by Dickerson in 1902, and in the deed transferring the land back to him in 1907, we concluded that Dickerson honestly believed he was acquiring the property from the true owners, the Varnado Brothers. We found that he had been a purchaser in good faith; that his actual possession coupled with that of Neugass Company, as stated in our opinion, entitled defendant to title under the prescription of ten years.

Counsel for plaintiff expresses surprise in reference to our allusion to the question of mandate on the issue of prescription.

In article IV of plaintiff's petition, he alleges that J. E. Varnado had no right or authority to transfer the undivided one-half interest in the property acquired by petitioner in the deed from Dickerson. That averment, as we understand it, means that J. E. Varnado had no power of attorney, agency or mandate to transfer the undivided ownership of his brother, plaintiff, in this suit. That allegation appeared to us as being one of the most important of the averments in plaintiff's petition. If J. E. Varnado undertook to sell the land without right or authority, as plaintiff alleges, it must follow that he took upon himself, as a self constituted attorney in fact, to transfer the property.

Accepting that view of the case, we held, that the fact of this alleged lack of right or authority in J. E. Varnado was a fact dehors the deed and was no bar to the plea of prescription where the property, as in this case, had been sold by authentic act, which constituted a just title for the reasons given in our original opinion, and not necessary to be repeated here.

For the reasons given in the original opinion and those above stated, the rehearing is refused.