|! LOVE, Judge.
Chotin Transportation, Inc. (Chotin) filed a petition for a preliminary injunction, seeking to enjoin Harbor Towing & Fleeting, Inc. (Harbor) from operating its barge fleeting business on the river bat-ture on the west bank of the Mississippi River at approximately mile 90.5. The District Court denied the injunction finding that Chotin failed to meet its burden of proving irreparable harm and failed to make a prima facie showing that it would succeed at a trial on the merits. For the following reasons, we reverse the judgment of the trial court and grant the injunction.

FACTS

On January 1, 1964, the Board of Commissioners of the Port of New Orleans (Dock Board) granted Chotin a berthing privilege at approximately mile 90.5 on the Mississippi River. The privilege allowed Chotin to pay $2,600 per year to use 1300 linear feet of river frontage as a mooring facility. Chotin renewed the privilege every year since 1964 and paid all rents. There is some dispute over whether Chotin ever actually acquired any rights and if so whether it was a real right.
Chotin claims that it has allowed Harbor to moor its vessels along the river bank subject to Chotin’s berthing privilege. The alleged agreement between Chotin and Harbor was never reduced to writing, and Harbor disputes that any such | ^agreement existed. Harbor claims that it has possessed the property and therefore has a superior right. It is not disputed that Harbor has used the river bank for some time and, therefore, been in physical possession of the disputed property. In fact, since 1964, Chotin has paid Harbor fair market value to moor Chotin’s barges and equipment on the batture.
In November 1998, Chotin’s related company, Capital Marine, sent Harbor a letter requesting that Harbor remove its barges from the river bank subject to Cho-tin’s berthing privilege. Chotin had not exercised any control over the batture or made any improvements or repairs to the batture. Chotin claims that, although it had not exercised control over the batture, it exercised its privileges by permitting others to exercise control over the batture on its behalf. Harbor ignored or refused to comply with Chotin’s request, claiming that it has a superior right of occupancy to the batture. This right was derived from a quitclaim deed executed on April 7, 1999, which purportedly assigned and transferred the right almost thirty years prior. The Dock Board acknowledges that it does not own the batture and therefore it is at issue whether the Dock Board could in fact confer rights upon Chotin.

DISCUSSION

Chotin raises three assignments of error: (1) the district court erred in requiring Chotin to prove irreparable harm; (2) *81 the district court erred in finding that Chotin failed to show irreparable harm; and (3) the district court erred in refusing to grant Chotin’s application for preliminary injunction and refusing to order Harbor to vacate the area subject to Chotin’s berthing privilege.
Article' 3668 of the Louisiana Code of Civil Procedure allows injunctive relief for a person who is disturbed in the possession of a real right in immovable 1 ^property of which he claims the ownership, possession, or enjoyment. A preliminary injunction action brought pursuant to Louisiana Code of Civil Procedure Art. 3663 does not require a showing of irreparable injury, loss or damage. Hailey v. Panno, 472 So.2d 97, 99 (La.App. 5 Cir. 1985).
Chotin asserts that, under Louisiana Code of Civil Procedure Art. 3663, it was not required to prove irreparable harm because its berthing privilege is a real right. Harbor alleges that Chotiris berthing privilege is not a real right and that, consequently, Chotin must prove irreparable harm and make a prima facie showing that it would succeed at a trial on the merits. Ormond Country Club v. Dorvin Developments, Inc., 498 So.2d 144, 150 (La.App. 5 Cir.1986).
In Louisiana, legislation is the primary source of law, but Louisiana legislators have yet to expressly state whether a berthing privilege is a real right or a personal right. Revision comments do not form part of the law, but when they are presented together with proposed legislation they illuminate the understanding and intent of the legislators. Wartelle v. Women’s and Children’s Hosp., Inc., 97-0744, p. 9 (La.12/2/97), 704 So.2d, 778, 783. Considering the Civil Code articles and revision comments on real rights and personal servitudes, we find that a berthing privilege is a real right.
Chotiris berthing privilege is a right to use river frontage as a mooring facility; therefore, a berthing privilege is a right of use. A right of use is a personal servitude in favor of a person for a specified use less than full enjoyment. La. Civ.Code Art. 639. Article 476 of the Louisiana Civil Code states that [o]ne may have various rights in things: (l)[o]wnership; (2)[p]er-sonal and predial servitudes; and (3)[s]uch other real rights as the law allows, (emphasis added). The wording of La. Civ.Code Art. 476 implies that personal servitudes, such as rights of use, are Ureal rights. Further, La. Civ.Code Art. 645 defines rights of use as real rights of enjoyment in favor of a person governed by the rules of the Civil Code pertaining to both personal and predial servitudes, (emphasis added).
Other sources also indicate that berthing privileges are real rights, not personal rights. Personal rights have three primary characteristics: (1) they involve relationships between persons; (2) they cannot be asserted against third persons; and (3) they can only be enforced by obtaining a personal judgment against one or more parties to the obligation. Randal J. Robert, Favaloro v. Favaloro: Classification of Rights Associated With Counter-Letters as Real or Personal, 52 La. L.Rev. 479, 482-83 (1991). On the other hand, real rights are rights in things. Id. Real rights are transferred automatically with property, and the holder of the real right has the power to claim the thing even after it has been transferred to a third party. Enforcement of a real right does not impose personal liability on the possessor of the thing but allows the person asserting a real right to exercise the right without obtaining a personal judgment against any party. Id.
*82 The rights associated with real mortgages, pledges, and privileges on im-movables meet the characteristics of real rights, not of personal rights. Id. (emphasis added). Therefore, we hold that Cho-tin’s berthing privilege is a real right. Chotin has possessed this real right for more than one year, and Harbor disturbed that possession. Under La. Civ.Code Art. 3663, Chotin is entitled to injunctive relief and need not show irreparable harm to obtain such relief.
Harbor raises two arguments against the injunction: (1) Chotin has no cause of action to dispossess Harbor by a preliminary injunction and (2) the Dock Board could not transfer a real right of use to Chotin because it is not the owner of the batture.
1 BHarbor argues that Chotin’s use of preliminary injunction to evict Harbor is improper. An injunction may be used to prevent but not to correct a wrong; it cannot be used to redress an alleged consummated wrong or undo what has already been done. Verdun v. Scallon Bros. Contractors, Inc., 263 La. 1073, 270 So.2d 512, 513 (1972). Harbor argues that Cho-tin’s application for preliminary injunction does not seek to prevent a wrong but seeks redress for Harbor’s past use of the batture.
The alleged wrong committed by Harbor is not a consummated act; it is a continuous occupation of property to which Chotin claims a real right of use. In an analogous case, this Court ordered a trespasser to remove movables from neighboring property, holding that “[a]n injunction that prohibits a continuing trespass ... will always require some action to ... stop the trespass. Nonetheless, the injunction is proper; it prohibits the trespass, it prevents a wrong.” Dore v. Jefferson Guar. Bank, 543 So.2d 560, 562 (La.App. 4 Cir.1989). Likewise, an injunction is proper in this case to prevent Harbor’s continued occupation of the batture.
Next, Harbor argues that the only procedure available to Chotin to dispossess Harbor is a petitory action. A petitory action is an action brought by a person who claims ownership of a real right in immovable property, but is not in possession[1] of the right, against another who is in possession or who claims ownership adversely. La.Code Civ. Proc. Art. 3651. Harbor’s argument presumes that Harbor either is a possessor or claims ownership adversely.
In a possessory action, the defendant and his ancestors in title must have had 1 ^corporeal possession for at least one year or civil possession for one year preceded by corporeal possession. La. Code Civ. Proc. Arts. 3658, 3660. Corporeal possession is the exercise of physical acts of use, detention, or enjoyment of the thing. La. Civ.Code Art. 3425.
A possessor is one who possesses for himself and possession is retained by the intent to possess as owner. La. Civ.Code Arts. 3431. One is presumed to intend to possess as owner unless he began to possess in the name of and for another. La. Civ.Code Art. 3427. The exercise of possession over a thing with the permission of or on behalf of the owner or possessor is precarious possession. La. Civ.Code Art. 3437. A precarious possessor does not intend to own the thing he detains and does not have the rights of a possessor. La. Civ.Code Arts. 3437, 3439.
The record offers no proof of Harbor’s unequivocal possession. The president of Harbor signed an affidavit stating that *83 Harbor has had uninterrupted corporeal possession of the batture for over one year. Chotin argues that it has allowed Harbor to use the batture subject to its berthing privilege, a right held by Chotin since 1964. Harbor’s possession is equivocal. If Chotin gave Harbor permission to exercise its right of use, Harbor is a precarious possessor and does not have the rights of a true possessor.
Similarly, Harbor has produced no evidence that it owns a real right to use the batture. On the contrary, Harbor admits that it does not own the batture. The only evidence of ownership presented by Harbor is a quitclaim deed executed on April 7, 1999, which memorializes Harbor’s purchase of the batture from Bailey Barge Lines (Bailey) that occurred twenty-nine years earlier, on March 1, 1970. A quitclaim deed conveys whatever title the grantor owned. Osborn v. Johnston, 322 7So.2d 112, 118 (La.1975). Harbor failed to present evidence of Bailey’s interest in the batture. Chotin asserts that its search of the public records revealed no evidence of Bailey’s interest in the batture. Consequently, a petitory action would not be a proper action to bring against Harbor because Harbor neither possesses nor claims ownership of the real right of use or the batture. Chotin’s use of the preliminary injunction was proper.
The Dock Board has a legal public servitude and the authority to regulate the commerce and traffic of the port and harbor of New Orleans. La. Civ.Code Art. 665; La,Rev.Stat. § 34:21. Harbor maintains that this legal public servitude is subject to La.Rev.Stat. § 9:1102.1 and § 9:1102.2, which require the Dock Board to provide just compensation to a riparian owner when riparian land is expropriated. A possessor is considered provisionally as owner of the thing he possesses until the right of the true owner is established. La. Civ.Code Art. 3423.
Harbor argues that it is the provisional owner of the batture under La. Civ.Code Art. 3423. Harbor asserts that La. Civ. Code Art. 665 does not allow the Dock Board to dispossess it, the provisional owner and possessor of the batture, to grant a berthing privilege to a private company. Harbor further argues that the Dock Board should have obtained Harbor’s permission to grant a berthing privilege to Chotin, and if the Dock Board was unable to obtain Harbor’s permission, the Dock Board is required to compensate Harbor for the expropriated batture.
Harbor is not a provisional owner because it has not clearly shown that it is a possessor. In addition, Harbor failed to produce any evidence that it holds title to the batture. In the district court, Chotin argued that its title examination showed that the Orleans Parish Levy Board is the owner of the batture, and Harbor failed to | sproduce evidence to the contrary. Consequently, Harbor’s arguments must fail because it is not the owner, provisional owner or possessor of the batture. As such, the Dock Board can dispossess Harbor without first getting permission or giving compensation for the batture.
Harbor also claims that the Dock Board could not transfer a real right to Chotin because the Dock Board is not the owner of the batture. This argument also fails. The Dock Board has statutory authority to regulate the commerce and traffic of the port and harbor of New Orleans. In its brief, Harbor relies on Kliebert Educ. Trust v. Watson Marines Servs., Inc., 454 So.2d 855 (La.App. 5 Cir.1984), which acknowledges the Dock Board’s right to grant certain permits under section 9:1102.1 of the Louisiana Revised Statutes. Kliebert held that a non-landowner must seek authorization of commer *84 cial purposes from the Port Commission. Id. at 858. The Dock Board need not be the owner of the batture to grant permits for commercial purposes or to grant real rights such as berthing privileges.
Therefore, as to Chotin’s first and third assignments of error, the district court erred in requiring Chotin to prove irreparable harm for a preliminary injunction, in refusing to grant the injunction, and in refusing to order Harbor to vacate the area subject to the berthing privilege. Because Chotin was not required to prove irreparable harm, we need not review Cho-tin’s second assignment of error. Harbor’s exception of no cause of action is denied.

CONCLUSION

For the foregoing reasons, we reverse the trial court, grant a permanent injunction and order Harbor Towing & Fleeting, Inc. to vacate the batture on the west bank of the Mississippi River at approximately mile 90.5, which is subject to a First Call Berth Privilege to Chotin Transportation, Inc. We deny the exception |flof no cause of action raised by Harbor Towing & Fleeting, Inc.

REVERSED; INJUNCTION GRANTED.

WALTZER, J., CONCURS WITH REASONS.

. The exercise of a real right with the intent to have it as one’s own is quasi-possession.
The rules governing possession apply by analogy to the quasi-possession of incorporeals.