TERRI F. LOVE, Judge.
LThis appeal arises from the issuance of a preliminary injunction against the defendant-in-reconvention, who claims ownership of plaintiff-in-reconvention’s alleged blighted immovable property via acquisitive prescription. The defendant-in-recon-vention contends that the trial court erred in granting the preliminary injunction, in denying his request for injunctive relief, and for denying his claim for damages, costs, and attorney’s fees regarding the temporary restraining order and preliminary injunction. We find that the trial court did not abuse its discretion in granting plaintiff-in-reconvention’s request for a preliminary injunction because it presented a prima facie case that it would prevail in a trial on the merits of the petitory action. However, the defendant-in-recon-vention failed to present a prima facie case that demonstrated he would likely prevail in his possessory action. Thus, the trial court did not abuse its discretion in denying his request for a preliminary injunction. Lastly, we find that the trial court did not abuse its discretion in denying the request for “Damages for Dissolution of Wrongfully Issued Preliminary Injunction,” and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

John Pfeifer purchased the immovable property located at 7049 Magazine Street/ 203 Audubon Street (“Property”) in January 1992, and resided there until ^August 2005. From August 2005 to May 2008, Mr. Pfeifer visited the Property regularly. The Property was declared blighted after May 2008. From May 2008 to January 10, 2013, Mr. Pfeifer allegedly intended to continue possessing the Property. On August 18, 2010, Citywide Development Services, L.L.C. (“Citywide”) filed an Affidavit of Possession, in accordance with La. R.S. 9:5633, on the Property. Larry Van Jackson, Jr. signed the affidavit on behalf of the affiant, Citywide.
Mr. Jackson, Jr. filed a possessory action against Mr. Pfeifer in 2012, praying for a judgment recognizing his possession of the Property in his individual capacity. On January 10, 2013, Mr. Pfeifer sold the Property to Marquee Investment Properties, LLC (“Marquee”). Marquee then filed a motion to be substituted for Mr. Pfeifer as the defendant in Mr. Jackson, Jr.’s possessory action. Subsequently, Marquee filed its Answer, Reconventional Demand, Petition for Writ of Mandamus, *1001 Petition for Temporary Restraining Order, Preliminary and Permanent Injunction. Marquee contended, as the plaintiff-in-re-convention, that the possessory action should be converted into a petitory action, and requested that Mr. Pfeifer be enjoined from trespassing on the Property.
The duty judge[1] issued a temporary restraining order (“TRO”) and a preliminary injunction in favor of Marquee. However, this Court vacated the preliminary injunction on supervisory review because the duty judge did not have the authority to grant the injunction. Marquee then re-urged the motion for a preliminary injunction before Division C,[2] the division that was allotted the case. The trial court denied Mr. Jackson, Jr.’s Motion for Preliminary Injunction. Mr. 14Jackson, Jr.’s “Exceptions of No Cause of Action/Improper Use of Summary Proceedings and for Damages for Dissolution of Wrongfully Issued Preliminary Injunction” were also denied. The trial court granted Marquee’s Motion for Preliminary Injunction. The trial court “enjoined and prohibited” Mr. Jackson, Jr. “from entering on the” Property. Mr. Jackson, Jr.’s devolutive appeal followed.
Mr. Jackson, Jr. contends that the trial court erred by 1) dismissing his claims for damages, costs, and attorney’s fees from the temporary restraining order and preliminary injunction; 2) denying his request for injunctive relief; and 3) granting Marquee’s Motion for Preliminary Injunction.

STANDARD OF REVIEW

“The standard of review for factual findings is that of manifest error.” Sander v. Brousseau, 00-0098, p. 3 (La.App. 4 Cir. 10/4/00), 772 So.2d 709, 710. “Under the manifest error standard, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong.” Coutee v. Global Marine Drilling Co., 06-0756, p. 5 (La.2/22/06), 924 So.2d 112, 116. “In order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous.” Id. “The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently.” Id.
“Legal questions are reviewed utilizing the de novo standard of review.” Robert v. Robert Mgmt. Co., LLC, 11-0406, p. 3 (La.App. 4 Cir. 12/7/11), 82 So.3d 396, 398.
| ¿PRELIMINARY INJUNCTION
Mr. Jackson, Jr. asserts that the trial court erred in granting Marquee’s request for injunctive relief and in denying his request for injunctive relief.
La. C.C.P. art. 3601 provides, in pertinent part, that:
An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board, or agency, or any officer, administrator, or head thereof, or any officer of the state of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the *1002 expenditure of state funds when the director of such department, board, or agency or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
[[Image here]]
During the pendency of an action for an injunction the court may issue a temporary restraining order, a preliminary injunction, or both, except in cases where prohibited, in accordance with the provisions of this Chapter.
“In order to prevail at a hearing for preliminary injunction, the moving party must show [three] things: (1) that the injury, loss or damage he will suffer if the injunction is not issued may be irreparable; (2) that he is entitled to the relief sought; and (3) that he will be likely to prevail on the merits of the case.” Burnham Broad. Co. v. Williams, 629 So.2d 1335, 1338 (La.App. 4th Cir.1993). “Only a prima facie showing is required; therefore, the petitioner is required to offer less proof than is necessary in an ordinary proceeding for permanent injunction.” Id. “Since a preliminary injunction is an interlocutory procedural device designed to preserve the status as it exists between the parties pending trial |6on the merits, a trial judge has great discretion to grant or deny the relief requested.” Id.

Petitory Action

Marquee was required to prove, with a prima facie case, that it was entitled to a preliminary injunction due to irreparable damage and that it would likely prevail on the merits of the petitory action.
“Injunctive relief ... to protect or restore possession of immovable property or of a real right therein, is available to ... [a] person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property.” • La. C.C.P. art. 3663. “A preliminary injunction brought pursuant to La. C.C.P. art. 3663 does not require a showing of irreparable injury.” Monroe Real Estate & Dev. Co. v. Sunshine Equip. Co., 35,555, p. 4 (La.App. 2 Cir. 1/23/02), 805 So.2d 1200, 1202. See also Chotin Tramp., Inc. v. Harbor Towing & Fleeting, Inc., 00-0803, p. 3 (La.App. 4 Cir. 10/3/01), 804 So.2d 78, 81.
While evidence of irreparable harm was not required because Marquee’s request for a preliminary injunction was “to protect or restore possession of immovable property or of a real right in immovable property of which he claims ownership, possession or ’enjoyment,” the record documents the alterations Mr. Jackson, Jr. previously made or attempted to make to the Property, including the attempted demolition to the Property, as well as the items Mr. Jackson, Jr. removed from the Property. See Monroe, 35,555, p. 4, 805 So.2d at 1202. Therefore, the possibility of irreparable harm was demonstrated.
La. C.C.P. art. 3653 provides that:
To obtain a judgment recognizing his ownership of | immovable property or real right therein, the plaintiff in a peti-tory action shall:
(1) Prove that he has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant is in possession thereof; or
(2) Prove a better title thereto than the defendant, if the court finds that the latter is not in possession thereof. When the titles of the parties are traced to a common author, he is presumed to be the previous owner.
*1003 “The petitory action- is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership.” La. C.C.P. art. 3651.
Marquee purchased the Property from Mr. Pfeifer[3] on January 10, 2013. As the current title holder to the Property, Marquee presented a prima facie case that it is entitled to injunctive relief and would likely prevail on the merits of the petitory action, i.e., to establish title to the Property. Accordingly, we do not find that the trial court abused its discretion in granting Marquee a preliminary injunction.

Possessory Action

Mr. Jackson, Jr. asserts that Marquee judicially confessed to his possession of the Property thereby entitling him to a preliminary injunction. See La. C.C.P. art. 3657. However, a judicial confession as to Mr. Jackson, Jr.’s possession does not equate with confessing “a legal right to possession.” Pendarvis v. Ormet Corp., 135 F.3d 1036, 1039 (5th Cir.1998). See also Vanado v. Meyer & Neugass Co., 12 La.App. 543, 126 So. 544, 544 (1st Cir.1930). Thus, having found that the trial court did not commit manifest error in its findings or abuse its discretion in granting Marquee a preliminary injunction, we find that the trial court did not err in denying Mr. Jackson injunctive relief because he failed to present a prima facie | Rcase that he would likely prevail on the merits.

DAMAGES, COSTS, & ATTORNEY’S FEES

Mr. Jackson contends that the trial court should have awarded him damages and fees associated with the allegedly wrongfully obtained TRO/preliminary injunction.
La. C.C.P. art. 3608 provides that “[t]he court may allow damages for the wrongful issuance of a temporary restraining order or preliminary injunction on a motion to dissolve or on a reconventional demand.” Additionally, “[attorney’s fees for the services rendered in connection with the dissolution of a restraining order or preliminary injunction may be included as an element of damages whether the restraining order or preliminary injunction is dissolved on motion or after trial on the merits.” La. C.C.P. art. 3608. “[T]he provision .which authorizes assessment of damages for the wrongful issuance of in-junctive relief is not mandatory in its application.” ARCO Oil & Gas Co., a Div. of Atl. Richfield Co. v. DeShazer, 98-1487, p. 4 (La.1/20/99), 728 So.2d 841, 844.
“A preliminary injunction is wrongfully issued if it infringes upon some right of the enjoined party regardless of whether or not the injunction was requested on good faith grounds.” HCNO Servs., Inc. v. Secure Computing Sys., Inc., 96-1693, p. 15 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, 843. “A wrongful issuance is injunctive relief that has been issued when it should not have been issued because the plaintiff had no right to it.” Id. Further, “[a]n award of damages and attorney fees to a successful party on a motion to dissolve a preliminary injunction is discretionary with the trial court and will not be disturbed absent a clear abuse of discretion.” Id., 96-1693, p. 15, 693 So.2d at 844. See also Arco, 98-1487, p. 4, 728 So.2d at 844.
|8Given our holding that the trial court properly granted Marquee a preliminary *1004 injunction,[4] as Marquee is the title holder of the Property, we find that the trial court did not abuse its discretion in denying Mr. Jackson, Jr.’s request for “Damages for Dissolution, of Wrongfully Issued Preliminary Injunction.”

DECREE

For the above-mentioned reasons, we find that the trial court did not abuse its discretion in granting Marquee’s request for a preliminary injunction because it presented a prima fade case that it would prevail in a trial on the merits of the petitory action. Mr. Jackson, Jr. failed to present a prima fade case that demonstrated he would likely prevail in his pos-sessory- action. Thus, the trial court did not abuse its discretion in denying Mr. Jackson, Jr.’s request for a preliminary injunction. Lastly, we find that the trial court did not abuse its discretion in denying Mr. Jackson, Jr.’s request for “Damages for Dissolution of Wrongfully Issued Preliminary Injunction,” and affirm.
AFFIRMED.
BELSOME, J., concurs in the result and assigns reasons.

. The duty judge was Judge Kern A. Reese.

. The trial court judge in Division C was Judge Sidney H. Cates, IV.

. Mr. Pfeifer purchased the Property in January 1992.

. The first TRO resulted in a preliminary injunction, which was vacated and remanded to the trial court by this Court on procedural grounds. Jackson v. Pfeifer, unpub., 13-0440; 13-0450 (La.App. 4 Cir. 7/31/13). .